


**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Diana Lopez<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.: 1:11-bk-16307-MT<br><br>Adv No: 1:12-ap-01097-MT |
| David Seror<br><br>Plaintiff(s),<br><br>v.<br><br>Diana Lopez<br><br>Defendant(s). | **MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 19, 2014<br>Time: 12:00 p.m.<br>Courtroom: 302 |

On May 20, 2011, an involuntary chapter 7 petition was filed by three petitioning creditors, Miguel Ortega, Martha Gomez, and Richard Pena in the name of Diana Lopez ("Lopez"). See Case no. 1:11-bk-16307. On July 20, 2011, Lopez filed an answer wherein she stated that she did not oppose the entry of an order for relief. See Answer to Complaint, July 20, 2011, ECF No. 10. An order for relief was entered on July 28, 2011. See ECF No. 12. On October 31, 2011, the same petitioning creditors filed a second involuntary chapter 7 petition in the name of L.D.T. Investments, Inc. ("LDT"). See case no. 1:11-bk-22664-MT. Lopez is the sole equity holder of LDT. David Seror is the Chapter 7 Trustee appointed in both cases (the "Trustee").

On March 19, 2012, the Trustee commenced an adversary proceeding against Lopez seeking a denial of discharge under § 727 of the bankruptcy code (the "727 Action"). The Trustee filed the Complaint against Defendant, seeking denial of her discharge pursuant to Sections 727(a)(3), (a)(4), (a)(5), and (a)(7) of the Bankruptcy Code. The 727 Action alleges that Lopez: 1) failed to keep or preserve recorded information from which her financial condition may be ascertained; 2) has refused to produce the requested information and documentation regarding certain debts and assets identified in Schedule B and F; 3) has made false representations; 4) has concealed recorded information, documents and records; 5) has failed to explain the loss of assets or deficiency of assets to meet her liabilities; and 6) has committed similar conduct in the LDT case. Debtor filed her Answer to the Complaint on April 18, 2012, and amended on April 19, 2012 (the "Answer"). See ECF No. 9.

As of January 7, 2014, Lopez is pro se. On January 17, 2014, Lopez filed a Motion for Summary Judgment ("Motion") arguing that the Trustee bears the burden of the allegations in the 727 complaint and cannot sustain his burden. In her Motion, Lopez claims that she has given the Trustee over 170,000 pages of documents from LDT Investments, Inc., which she copied and delivered herself, paid for the paper, parking and time, etc., to cooperate with the Trustee. Her former counsel had provided the Trustee with letters stating that Lopez had provided the Trustee with all the documents and information he requested. Lopez claims she amended her Statement of Financial Affairs and no longer claims the Fifth Amendment privilege. She also states that she gave her 2004 examination of what type of business LDT was, and why it failed. Lopez argues that although the Trustee claims to not have sufficient amount of records to determine her financial affairs, Lopez has provided her taxes and paychecks. She claims that because "the Trustee has filed 100+ adversary proceedings, evidently there must be enough documents in order to file this many complaints". See Declaration in Support of Motion for Summary Judgment pg.2-3.

On February 10, 2014, the Trustee filed his opposition and statement of genuine issues. The Trustee argues there are disputes as to material facts and Debtor's failure to answer the Trustee's questions throughout the 341(a) meetings and in her petition documents grossly prejudiced the Trustee's expeditious administration of this case. He asserts that genuine issues of material fact exist with respect to the sufficiency of the information ultimately provided to the Trustee by Lopez.

Lopez filed a reply on February 19, 2014 and Trustee filed a response on March 12, 2014. The hearing on the Motion for Summary Judgment was held on March 19, 2014. At the hearing, the Court denied Defendant's Motion. The following memorandum details the Courts reasoning.

**Summary Judgment Standard**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56(c) (incorporated by FRBP 7056).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("Celotex"). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. The court must view the evidence in the light most favorable to the nonmoving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir.1982). All reasonable doubt as to the

existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of N. Am., 638 F.2d 136, 140 (9th Cir.1981). Substantive law governs the materiality of a fact; thus, a fact is material if, under applicable substantive law, it may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All justifiable inferences are drawn in favor of the non-moving party. Id. at 255.

1. Shifting Burden of Proof

On a motion for summary judgment, a moving party without the ultimate burden of persuasion at trial--usually, but not always, a defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1101 (9th Cir. 2000). In order to carry its burden of production, the moving party must produce either evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. Id. The movant must first identify: "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva), 550 F.3d 755, 761 (9th Cir. 2008) (citing Celotex Corp., 477 U.S. at 323).

Here, Lopez cites Celotex to support her contention that she is not required to provide any evidence to support her Motion. Lopez nevertheless, has the burden of production and persuasion at this stage since she brought the Motion for Summary Judgment. Simply stating that she has complied with the Trustee's request and listing the documents submitted, does not alone prove that Lopez has provided sufficient evidence to allow the Trustee to administer her estate. Lopez claims that the 170,000 pages of LDT Investment, Inc. ("LDT") documents she has given the Trustee are sufficient to ascertain her financial condition.

If a moving party fails to carry its initial burden of production on a motion for summary judgment, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1101 (9th Cir. 2000). A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence. Id. The party opposing a motion for summary judgment is under no obligation to offer affidavits or any other materials in support of its opposition. Id. Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues. Id.

The Trustee's possession of voluminous Debtor related financial documents does not, in and of itself, decide this issue. Initially, Lopez did not provide any evidence that these documents were sufficient to establish her financial condition. She attached voluminous documents to her motion as exhibits, but she never specifically identified which particular documents, if any, provided the requisite explanation for the alleged gaps in the record or how those documents satisfy the Trustee's request. Only after the Trustee filed his opposition, did Lopez submit the Avila Declaration in her reply as evidence that she fully complied with the Trustee. [1] The Avila

[1] Lopez supported her broad assertion that there is no triable issue of material fact by submitting the Avila Declaration with her Reply. A stated below, however, the Court did not rely on the CPA declarations in coming to its conclusions.

Declaration supports Lopez's claim that she has provided sufficient documents for the Trustee to ascertain her financial position but the Trustee does not agree. Trustee submitted in his response to the reply brief a declaration from John Menchaca, his CPA expert witness ("MCO Declaration") to support his position that he does not have sufficient documents. The two CPA's disagree as to what can be gleaned from the documents provided. Thus, it is apparent that there is a dispute as to a material fact: did Lopez provide Trustee with sufficient information? Such a dispute requires the cross examination of each side's expert witness to determine the reliability of the opinion.

2. Fifth Amendment

The Bankruptcy Code contemplates that the Fifth Amendment privilege can be invoked in bankruptcy cases and adversary proceedings. 11 U.S.C.S. § 344; 11 U.S.C.S. § 727(a)(6). Further, the Bankruptcy Code provides that appropriate assertion of the Fifth Amendment is not a basis for denial of discharge if it is properly invoked. 11 U.S.C. § 727(a)(6)(B) and (C). The three requisites for proper assertion of the privilege are (i) a "compelled" disclosure, (ii) found to be "testimonial," and (iii) "incriminatory." In re Connelly, 59 B.R. 421, 425 (U.S. 1986).

Here, Lopez argues she cannot be denied a discharge for previously invoking her Fifth Amendment privilege against self-incrimination. The trier of fact, however, is equally free to draw adverse inferences from a failure of proof arising out of the assertion of the privilege. Leonard v. Coolidge (In re Nat'l Audit Def. Network), 367 B.R. 207, 212 (U.S. 2007) (Arguing that [a]lthough civil litigants may invoke the Fifth Amendment privilege against self-incrimination…the court is empowered to do more than simply draw adverse inferences; in appropriate cases it may strike pleadings, bar evidence, and even rule against a party based upon that party's refusal to testify). In certain circumstances, a negative inference arises from a defendant's failure to produce documents shown to have been in his possession. The inference is that the documents would have been damaging to the defendant. This adverse inference rule is applicable when the following factors are present: (1) it appears that the documentary evidence exists or existed; (2) the suppressing party has possession or control of the evidence; (3) the evidence is available to the suppressing party, but not to the party seeking production; (4) it appears that there has been actual suppression or withholding of evidence. Id.

The adverse inference rule maybe applicable in this case depending on the proofs at trial because Lopez was in possession of existing documentary evidence that was not available to the Trustee and was withheld until Lopez eventually turned it over. Whether an adverse inference should be drawn depends upon the facts of the case. Nationwide Life Ins. Co., 541 F.3d at 911. No adverse inference may be drawn, however, unless there is a substantial need for the information and there is not a less burdensome way of obtaining that information. Siu v. Martinez (In re Martinez), 500 B.R. 608, 612 (U.S. 2013). The court must also determine whether the value of presenting the evidence is substantially outweighed by the danger of unfair prejudice to the party asserting the privilege. Id. In addition, the court is not permitted to draw an adverse inference if there is independent evidence of the fact about which the party refuses to testify. Id.

The Court acknowledges that the Fifth Amendment privilege must be unambiguously invoked in a debtor's Bankruptcy or it is lost. Here, however, the issue that must be explored at trial is what effect invoking the Fifth Amendment had on the expeditious administration in this case. Whether the initial assertion of the Fifth Amendment had any real impact is a material disputed fact.

3. <u>The Motion for Summary Judgment for each alleged § 727 cause of action</u>

**<u>Section 727 Standards</u>**

The provisions denying a discharge to a debtor are generally construed liberally in favor of the debtor and strictly against the creditor. Courts have noted that "a total bar to discharge is an extreme penalty." The reasons for denial of a discharge must be real and substantial rather than technical and conjectural. However, "[w]hile the law favors discharges in bankruptcy; it will not ordinarily tolerate the [debtor's] intentional departure from honest business practices where there is a reasonable likelihood of prejudice." <u>See</u> COLLIER ON BANKRUPTCY, ¶ 727.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

**<u>Section 727(a)(3) - Failure to Keep or Preserve Books or Records</u>**

Section 727(a)(3) provides for denial of a debtor's discharge if the debtor "has concealed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3).

The [Debtor] must present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past. <u>In re Cox</u>, 904 F.2d 1399, 1400 (9th Cir. 1990). In some cases, a failure to produce proper records will not justify a denial of discharge when the missing information can be reconstructed from records kept by others. See COLLIER ON BANKRUPTCY, ¶ 727.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed).

The Trustee argues that Lopez failed to maintain and preserve adequate records and to date has made it impossible to ascertain her financial condition and her material business transactions. The Trustee's opposition lists all the requests made and the information not initially provided based on Lopez's assertion of her Fifth Amendment privilege. <u>See</u> Opposition pg. 2-3. He alleges that Lopez did not provide him with the information he requested until after filing this adversary. In addition, he contends that Lopez did not provide the Trustee with all the information he needs. Whether the documents provided to the Trustee are sufficient to enable creditors to reasonably ascertain Lopez's present financial condition and to follow business transactions for a reasonable period in the past is a question of fact. Although the records need not be in any particular form, whether Lopez's documents are adequate is also a fact specific inquiry. There is also an issue as to whether selling LDT's electronic equipment in a liquidation garage sale constitutes as a failure to keep or preserve recorded information. Neither side has presented sufficient detail to determine these issues.

Thus, there are genuine issues of material fact as to 1) whether Lopez failed to keep or preserve any recorded information for herself and LDT; and 2) whether the failure was justified under the circumstances. [2]

Accordingly, the Motion under §727(a)(3) is denied.

---

[2] The court should consider, among other factors it deems relevant, (1) [Debtor]'s intelligence and educational background; (2) experience in business matters; (3) the extent of involvement in the businesses for which discharge is sought; (4) [Debtors] reliance [including her knowledge of whether records were being kept]; (5) the nature of the marital relationship; and (6) any recordkeeping or inquiry duties imposed upon [Debtor] by state law. <u>In re Cox</u>, 904 F.2d 1399, 1403 n.5 (9th Cir. 1990).

**Section 727(a)(4)**

Trustee also requests a denial of discharge under §727(a)(4). This section, in relevant part, states that a debtor may not be granted a discharge if:

(4) the debtor knowingly and fraudulently, in or in connection with the case--

(A) made a false oath or account; Or
…
(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. §727(a)(4).

The purpose of § 727(a)(4) is to ensure that a debtor provides reliable information so interested parties do not have to dig out the facts in examination or investigations. Hansen v. Moore (In re Hansen), 368 B.R. 868, 872 (U.S. 2007) [I]intent under § 727(a)(4) may be established by circumstantial evidence, or by inferences drawn from a course of conduct. Id.

**Section 727(a)(4)(A) - False Oath or Account**

The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations. In re Wills, 243 B.R. 58, 63 (B.A.P. 9th Cir. 1999). To bring a successful objection to a Chapter 7 discharge on grounds of false oath, a plaintiff must show, by a preponderance of the evidence, that (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. In re Retz, 606 F.3d 1189 (9th Cir. 2010).

Section 727(a)(4)(A) requires that the relevant false oath relate to a material fact. Id. (citing In re Roberts, 331 B.R. at 882). "A fact is material 'if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property'." Id., (citing In re Khalil, 379 B.R. at 173). An omission or misstatement that "detrimentally affects administration of the estate" is material. Id. at 1198 (citations omitted).

A false oath is complete when made. In re Searles, 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004) aff'd, 212 F. App'x 589 (9th Cir. 2006). Where the offending oath is contained in the schedules or required statements, the debtor's continuing duty to assure the accuracy of such schedules and statements means that the proper method of correction is a formal amendment of the schedules. Id. Moreover, failing to rectify inconsistencies and omissions when filing amended schedules may be weighed in favor of finding the requisite intent to deceive. AutoSource Capital, Inc. v. Traina (In re Traina), 501 B.R. 379, 382 (U.S. 2013).

A debtor acts knowingly if he or she acts deliberately and consciously. Retz v. Samson (In re Retz), 606 F.3d 1189, 1193 (9th Cir. 2010). A false statement resulting from ignorance or carelessness is not one that is knowing and fraudulent. See COLLIER ON BANKRUPTCY, ¶ 727.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).To demonstrate fraudulent intent, a party must show that: (1) the debtor made the representations (a false statement or omission in bankruptcy schedules); (2) at the time he or she knew they were false; and (3) he or she made them with the intention and purpose of deceiving the creditors. Id.

The Trustee alleges that Lopez lied on her original SOFA when she claimed that she "borrowed a sum in excess of $45,000 to pay attorneys' fees." See Complaint ¶ 26. The Debtor denied this allegation in her Answer to the Complaint. See Answer ¶ 26. Lopez however, does not address this allegation in her Motion and as the moving party she has the burden to prove that the Trustee cannot substantiate this claim. Additionally, none of the evidence proffered by the Debtor is directed to this allegation. Furthermore, a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor. As such, there is an issue of material fact as to whether the information in the SOFA was made knowingly or fraudulently.

Accordingly, there are genuine issues of material fact as to whether Lopez made a false oath in her schedules and the Motion is Denied under § 727(a)(4)(A).

**Section 727(a)(4)(D) - Withholding Documents and Records from Officer**

Section 727(a)(4)(D) provides that a discharge shall be denied to a debtor who "knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers relating to the debtor's property or financial affairs."

The Trustee alleges under § 727(a)(4)(D), that Lopez knowingly and fraudulently "concealed or withheld from the Court, creditors and the Trustee, recorded information, including books, documents, records, and papers which would fully and completely describe the Debtor's property or financial affairs. Complaint ¶ 29. Lopez also does not specifically address this allegation in her Motion. She only attempts to show how her subsequent production of documents and information cures her original deficiencies. In this case, there are issues of material fact as to whether Lopez had the requisite mental state under this provision and whether the withholding of certain information until the present adversary was filed are grounds for denial of discharge under this provision.

Thus, Lopez has failed to meet her burden, and there are genuine issues of material fact as to whether Lopez "knowingly and fraudulently" in connection with the case withheld from the Trustee, any recorded information, including books, documents, records, and papers relating to the debtor's property or financial affairs.

Accordingly, Lopez's Motion under §727(a)(4)(D) is denied.

**Section 727(a)(5) - Failure to Explain Losses**

Under 11 U.S.C §727(a)(5), a debtor may not be granted a discharge if:

> the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

Section 727(a)(5) is broadly drawn and gives the bankruptcy court broad power to decline to grant a discharge in bankruptcy when the debtor does not adequately explain a shortage, loss, or disappearance of assets." Aoki v. Atto Corp. (In re Aoki), 323 B.R. 803, 817 (B.A.P. 1st Cir. 2005). (Citations omitted). Vague, indefinite, and uncorroborated explanations are unsatisfactory. Bell v. Stuerke (In re Stuerke), 61 B.R. 623, 626 (B.A.P. 9th Cir. 1986); Aoki, 323 B.R. at 817.

Under § 727(a)(5) an objecting party bears the initial burden of proof and must demonstrate: (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets. Retz v. Samson (In re Retz), 606 F.3d 1189, 1193 (9th Cir. 2010).

Whether a debtor has satisfactorily explained a loss of assets is a question of fact. A debtor's failure to offer a satisfactory explanation when called on by the court is a sufficient ground for denial of discharge under 11 U.S.C.S. § 727(a)(5). Id. "A petitioner cannot omit items from his schedules, force the trustee and the creditors, at their peril, to guess that he has done so--and hold them to a mythical requirement that they search through a paperwork jungle in the hope of finding an overlooked needle in a documentary haystack." Id. at 1206 citing In re Tully, 818 F.2d 106, 108 (1st Cir. 1987).

In this case, the Trustee has an issue with assessing Lopez's financial condition. In particular, the Trustee believes her individual tax returns and forms do not appear to substantiate all of Lopez's income, especially in light of her stated gambling losses. See Declaration of David Seror ¶ 9-12. The Trustee claims that providing tax returns alone as evidence of Lopez's personal financial situation is not sufficient under these circumstances because he believes that the information provided does not adequately explain Lopez's loss and deficiency of assets to meet her liabilities.

Lopez's declarations attempt to provide explanations regarding the gaming income and the IRS proof of claim. The issue, however, is whether Lopez has satisfactorily explained the loss of assets alleged by the Trustee. This issue is a question of fact. Avila's declaration should have been submitted with the original Motion to support her burden of production. Thus, there is an issue of material fact as to whether the explanation provided by Lopez is satisfactory or whether more evidence is needed.

Accordingly, Lopez's Motion under §727(a)(5) is denied.

**Section 727(a)(7)- Objectionable Conduct in Title 11 Case of an Insider**

Section 727(a)(7) denies a discharge to a debtor who:

(1) on or within one year before the date of the filing of the petition, or at any time during the debtor's own case,
(2) commits any of the objectionable acts specified in subsection 727(a)(2), (3), (4), (5) or (6),
(3) in connection with another case concerning an insider.

"Insider" is defined in § 101. If the debtor is an individual, the term includes relatives of the debtor, partnerships in which the debtor is a general partner, a general partner of the debtor and corporations of which the debtor is a director, officer or person in control. See COLLIER ON BANKRUPTCY, ¶ 727.10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Section 727(a)(7) extends the basis for denial of discharge to the debtor's misconduct in a substantially contemporaneous related bankruptcy case. Id. Thus, if the debtor engages in objectionable conduct in a case involving…a general partner of the debtor or a corporation of which the debtor is an officer, director or controlling person, the debtor may be denied a discharge in the debtor's own case. Id. This provision should help induce the cooperation of individuals in related bankruptcy cases. Id.

In the Complaint, the Trustee alleges that LDT is an insider of Lopez, and is itself a debtor in its own bankruptcy case. See Complaint ¶ 34–36. As discussed above, the Trustee requested information from Lopez regarding the LDT bankruptcy case, in light of her position as sole officer and CEO of LDT. Thus, the Trustee alleges through the Complaint that Debtor not only failed to cooperate with the Trustee with respect to her own bankruptcy case, she also grossly prejudiced the Trustee's expeditious administration of the LDT bankruptcy estate.

Lopez has also failed to address this allegation in her Motion. There is a genuine dispute as to whether Lopez committed any objectionable acts listed in § 727, and whether the information and documents Lopez provided to the Trustee are sufficient to ascertain LDT's financial situation. In addition, Debtor has failed to (1) negate or disprove an essential element of the Trustee's claim or (2) show that the Trustee does not have sufficient evidence for an essential element of its claim to carry the ultimate burden of persuasion at trial.

Accordingly, Lopez's Motion under §727(a)(7) is denied.

**Standing**

Lopez states that the Trustee lacks standing to bring this action. There is no question that the chapter 7 trustee appointed to administer both the Lopez and LTD estate has standing to bring this adversary action. The Trustee brought the action solely in his capacity as the Chapter 7 Trustee pursuant to 11 U.S.C § 727(c)(1).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**<u>Evidentiary Objections</u>**

Lopez filed Evidentiary Objections to, and Request to Strike Portions of, the Declaration of David Seror ("Evidentiary Objections") requesting to strike paragraph 8 and 14 of the Trustee's declaration that referenced the Trustee's Expert CPA witness, Mr. Menchaca ("MCO Report"). <u>See</u> ECF No. 71.

The Trustee's response to Lopez's Evidentiary Objections asserts that Lopez improperly submitted a declaration from Ilma Avila, her CPA expert witness ("Avila Declaration") with her reply brief. The Trustee argues that Lopez cannot submit evidence in her reply that was not included in the original Motion.

The evidentiary objections raised by both Lopez and the Trustee are overruled. As both experts have conflicting testimony based on the same facts presented in this case is further evidence that there are genuine issues of material fact to be determined and their testimony can be developed further at trial.

For the reasons stated above, Defendant's Summary Judgment Motion is DENIED.

###

Date: June 12, 2014

Maureen A. Tighe
United States Bankruptcy Judge